UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANTHONY L. DEPINA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN MUNIZ,<br><br>　　　　　Respondent. | No. CV 16-5784-CAS (PLA)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF PETITION FOR FAILURE TO STATE A CLAIM** |

  Anthony L. Depina ("petitioner") initiated this action on August 3, 2016, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."), accompanied by a Memorandum of Points and Authorities ("Memorandum" or "Mem."), and exhibits. The Petition challenges his April 7, 1995, conviction in the Los Angeles County Superior Court, case number LA019499, for first degree robbery (Cal. Penal Code § 211), with sentence enhancements based on his admission to prior strike convictions. (Mem. at 2-3).

**A. THE PETITION FAILS TO STATE A CLAIM**

  Petitioner purports to be bringing two grounds for relief. (See Pet. at 5 ¶ 8(a), (b) ("due to a lack of writing space," referring the Court to the Memorandum, as well as to an attached exhibit for Grounds One and Two)). Petitioner indicates that he raised his two claims in a habeas petition

to the California Supreme Court. (Id.). In the referenced Memorandum, petitioner states that he filed habeas petitions in the state courts, "[p]ursuant to People v. Vargas," 59 Cal. 4th 635 (2014).[1] (Mem. at 1, Apps. 1-3). The superior court denied his petition for failure to establish a prima facie case for relief (Mem. App. 1); and the court of appeal and California Supreme Court both summarily denied his petitions. (Mem. Apps. 2, 3). He also generally states that relief is warranted pursuant to Descamps v. United States, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013).[2] (Mem. at 2). Petitioner argues that between 2001 and 2008, a "complicated procedural history in regards to this case," "hindered [him] in filing a viable Petition for Writ of Habeas Corpus until now." (Mem. at 2 (citing Exs. A-F)). In his Statement of Pertinent Facts, petitioner cites to various cases in support of his general contention that "The Trial Court Could Not Have Found The Offense To Be A Strike Without Resolving Factual Dispute In Regards To People v. Superior Court (Romero) and The Court's Authority Under § 1385." (Mem. at 3 (citing Descamps, 133 S. Ct. at 2287, Apprendi v. New Jersey, 530 U.S. 466, 477, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), People v. Vargas, 59 Cal. 4th 635 (2014), and other California cases)).

Under 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws,

---

[1] Pursuant to Vargas, when two prior convictions arise out of a single act against a single victim, they cannot constitute two strikes under California's Three Strikes law. Vargas, 59 Cal. 4th at 637.

[2] In Descamps, the Supreme Court addressed the approach a federal court should take in determining whether a prior state conviction could be used to enhance a sentence under the Armed Career Criminal Act ("ACCA"). Descamps, 133 S. Ct. at 2281-93. The Supreme Court determined that under the ACCA, "sentencing courts may not apply the modified categorical approach[, i.e., when the prior conviction is for violating a "divisible statute," which sets out one or more elements of the offense in the alternative, a court can consult documents such as indictments and jury instructions "to determine which alternative formed the basis of the defendant's conviction" in order to then employ the "categorical approach" and compare the elements of the statute forming the basis of the defendan's conviction with the elements of the generic crime,] when the crime of which the defendant was convicted has a single, indivisible set of elements." Id.

or treaties of the United States."); <u>Smith v. Phillips</u>, 455 U.S. 209, 221, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."). Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule 2") requires that a petitioner specify all the grounds for habeas relief as well as the facts supporting each ground. Habeas Rule 2(c). A petitioner is required to set forth a "detailed statement" explaining his habeas claims. <u>See</u> <u>Mayle v. Felix</u>, 545 U.S. 644, 649, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005) ("[Habeas] Rule 2(c) . . . requires a . . . detailed statement. The habeas rule instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground.'").

Here, neither petitioner's Petition, nor his Memorandum, clearly sets forth the two grounds for relief he purports to be bringing, and the Court is unable to discern from the way petitioner presented his grounds for relief what federal constitutional claim(s) (if any) petitioner is alleging. (<u>Compare</u> Pet. at 5 <u>with</u> Mem. at 2-7). In paragraph 8(a) (Ground One of the Petition), instead of even briefly stating the ground on which he claims he is being held in violation of his federal constitutional rights, petitioner merely states "See attached handwritten [Memorandum] at pp. 1-2, due to a lack of writing space," and for supporting facts he directs the Court to "Exhibit __ of attached [Memorandum] at pp. 1-5 (response to the court of appeals order . . .)." (Pet. at 5). Similarly, in paragraph 8(b), Ground Two, he also directs the Court to the handwritten Memorandum at pages 3-7, with the supporting facts purportedly found in the same exhibit referred to in Ground One. (<u>Id.</u>). Assuming Exhibit G to the Petition -- which petitioner labels "Petitioner's Response to the Court of Appeal's Order and Habeas Petition for Review in the California Supreme Court" -- contains the supporting facts, in that document petitioner states that he "now contends the trial court[] abused [its] discretion when it refused to strike prior serious felony convictions, pursuant to section 1385, because [petitioner's] two prior serious felony convictions arose out of a single act . . . [PLEASE SEE – Exhibit A at pp 10-12; the[] attached

1 habeas petition.]."[3] (Pet. Ex. G (capitalization omitted) (final brackets in original)). Exhibit G itself
2 has numerous exhibits attached. Thus, the Court is left to speculate as to the *two* grounds for
3 relief that petitioner is seeking to raise herein, and to hunt for the facts and arguments supporting
4 those two grounds for relief in petitioner's nested exhibits. In short, in its present format, the
5 Petition does not provide either a clear legal basis for habeas relief or specific supporting facts for
6 any alleged claim. For these reasons, the Court concludes that the Petition does not clearly state
7 a claim pursuant to 28 U.S.C. § 2254(a), and does not contain any claim that meets the standard
8 set forth in Habeas Rule 2(c) requiring a statement of specific grounds and facts.

**B.   REQUEST FOR APPOINTMENT OF COUNSEL**

In his prayer for relief, petitioner asks the Court to "appoint counsel and grant[] reasonable ancillary funds for an investigator and attorney fees." (Mem. at 8). In order to be entitled to appointed counsel, a petitioner must show that the "circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); see 18 U.S.C. § 3006A(a)(2) (providing that a district court has discretion to appoint counsel for state habeas corpus petitioners when it determines "that the interests of justice so require"); see Anderson v. Heinze, 258 F.2d 479, 484 (9th Cir. 1958) ("Except under most unusual circumstances, an attorney ought not to be appointed by a federal court for the purpose of trying to find something wrong with a state judgment of conviction."). At this time, the Court has not determined that appointment of counsel is necessary to prevent a due process violation. Additionally, in the event the Court later determines that an evidentiary hearing will be held, the Court will appoint counsel to represent petitioner at that time. See Knaubert v. Goldsmith, 791 F.2d 722, 728-30 (9th Cir. 1986).

---

[3]   To the extent that petitioner appears merely to be contending that he was erroneously sentenced under California law, his claims are not cognizable on federal habeas review. See, e.g., Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) (holding that "alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).

**C.  ORDER**

Based on the foregoing, **on or before September 6, 2016**, petitioner is ordered to show cause why this action should not be dismissed for failure to to state a claim. To avoid dismissal, **on or before September 6, 2016**, petitioner must file a response to this Order detailing why he believes the action should go forward under § 2254, and must also demonstrate that he has a claim (or claims) upon which habeas relief may be granted by indicating (1) the specific ground(s) for relief and supporting facts on which he seeks habeas relief; and (2) clearly indicating whether he has exhausted his claim(s) in the state courts, as well as any reason for delay in bringing his claim(s).

The filing by petitioner of a First Amended Petition -- on the Central District of California's form Petition for Writ of Habeas Corpus -- **on or before September 6, 2016**, shall be deemed compliance with this Order. An amended petition should reflect the same case number (CV 16-5784-CAS (PLA)), be clearly labeled "First Amended Petition," and be filled out completely. In ¶ 8 of the First Amended Petition, petitioner should specify **separately and concisely** each federal constitutional claim that he seeks to raise herein and answer all of the questions pertaining to each claim. If petitioner attaches a supporting Memorandum of points and authorities, the arguments therein should clearly correspond to the grounds for relief listed in ¶ 8(a) and/or (b) of the habeas petition form and not include any additional claims. The Court Clerk is directed to send petitioner a blank copy the Central District's form Petition for Writ of Habeas Corpus by a Person in State Custody.

Finally, petitioner is cautioned that his failure to timely respond to this Order will result in a recommendation that the action be dismissed without prejudice for failure to state a claim, failure to prosecute, and/or failure to follow court orders.

DATED:  August 9, 2016

                                          PAUL L. ABRAMS
                             UNITED STATES MAGISTRATE JUDGE