UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.: **CV 16-5784-CAS (PLA)**                              Date: **September 12, 2016**

Title:   Anthony L. Depina v. Warden Muniz

PRESENT: THE HONORABLE    PAUL L. ABRAMS

☐ U.S. DISTRICT JUDGE
☒ MAGISTRATE JUDGE

| Christianna Howard | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:           ATTORNEYS PRESENT FOR RESPONDENT:
             NONE                                                                             NONE

**PROCEEDINGS:**       **(IN CHAMBERS)**

On August 9, 2016, the Court ordered petitioner to show cause no later than September 6, 2016, why his action should not be dismissed for failure to state a claim, on the basis that the Court was unable to discern, from the Petition filed on August 3, 2016, the grounds for relief being raised by petitioner. (Dkt. No. 4 at 3-4).  The Court informed petitioner that the filing of a First Amended Petition on the Central District of California's form Petition for Writ of Habeas Corpus, separately and concisely specifying each federal constitutional claim he seeks to raise in this matter as well as the facts supporting those claims, would be deemed compliance with the August 9, 2016, Order.

On September 6, 2016, petitioner filed a completed form habeas petition along with exhibits. (Dkt. No. 5). Although petitioner failed to indicate on the caption page that this document was intended to be his First Amended Petition, the Court nevertheless construes it as such.

Because petitioner has complied with the Court's August 9, 2016, Order, and has separately and concisely specified his claims in the First Amended Petition, the August 9, 2016, Order to Show Cause is hereby **discharged**.

However, now that petitioner has clarified his claims, it appears that the matter may be barred by the statute of limitations. The AEDPA imposes a one-year limitation period for state prisoners to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).  That section provides in pertinent part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> . . . .

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner was convicted pursuant to a jury trial on April 7, 1995. (Pet. at 2). He bases his claims in the First Amended Petition on the July 10, 2014, California Supreme Court case of People v. Vargas, 59 Cal. 4th 635 (2014),[1] and the June 20, 2013, Supreme Court case of Descamps v. United States, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013).[2] (See Pet. at 5-6 and related attached pages).

To the extent petitioner may be contending that a later start date of the limitation period is warranted based on the dates that the Vargas and Descamps decisions were issued (see Dkt. No. 5-1 at 1-6[3] (petitioner's May 26, 2016, habeas petition to the California Supreme Court arguing these decisions constitute a "vast sea change in the law")), it appears that the original Petition herein, filed on August 3, 2016, is barred by the statute of limitations. Moreover, because more than one year elapsed between the date of the Vargas decision -- the later of these two decisions -- and the filing of petitioner's February 25, 2016, habeas petition in the state superior court, petitioner is not entitled to tolling of the AEDPA limitation period while his state court habeas petitions were pending. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed") (citation omitted); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petition filed after the statute of limitations ended "resulted in an absolute time bar"); see also Pough v. Marshall, 470 F. App'x 567, 568 (9th Cir. 2012) (petitioner's statutory tolling argument failed "because his state court habeas petitions were filed either before the limitations period began or after it had expired . . . [and] [n]o state court petition was pending during the time the federal habeas statute of limitations was running") (citing Ferguson, 321 F.3d at 823)).

---

[1] Pursuant to Vargas, when two prior convictions arise out of a single act against a single victim, they cannot constitute two strikes under California's Three Strikes law. Vargas, 59 Cal. 4th at 637.

[2] In Descamps, the Supreme Court addressed the approach a federal court should take in determining whether a prior state conviction could be used to enhance a sentence under the Armed Career Criminal Act ("ACCA"). Descamps, 133 S. Ct. at 2281-93. The Supreme Court determined that under the ACCA, "sentencing courts may not apply the modified categorical approach[, i.e., when the prior conviction is for violating a "divisible statute," which sets out one or more elements of the offense in the alternative, a court can consult documents such as indictments and jury instructions "to determine which alternative formed the basis of the defendant's conviction" in order to then employ the "categorical approach" and compare the elements of the statute forming the basis of the defendant's conviction with the elements of the generic crime,] when the crime of which the defendant was convicted has a single, indivisible set of elements." Id.

[3] For ease of reference, the Court refers to the ECF-generated page numbers when referring to the documents attached to the First Amended Petition.

Accordingly, **no later than October 3, 2016**, petitioner must submit to the Court a response making clear his arguments, if any, as to why the First Amended Petition should not be dismissed as time barred. All facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents. **Failure to respond by October 3, 2016, will result in the First Amended Petition being summarily dismissed as barred by the statute of limitations, and/or for failure to prosecute or comply with court orders.**

cc:   Anthony L. Depina, pro se

Initials of Deputy Clerk _____ch_____